THORNDYKE et al. v. ALASKA PERSEVERANCE MINING CO.

(First Division.  Juneau.  May 31, 1910.)

No. 708A.

JUDGMENT (§ 540*)—ESTOPPEL.

> Where the pleadings admit and the proofs show that the cause of action sued on is the same cause of action, between the same parties and in the same court, as one that went to final unreversed judgment at a former term, *held*, the action is barred by the prior judgment, and plaintiffs are estopped to maintain this suit.

> [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1079; Dec. Dig. § 540.*]

This is a suit in equity to establish title to 1,000 miner's inches of the water of Lurvey creek in the above-entitled plaintiffs as against the defendant corporation.  The complaint was filed December 28, 1908, alleging title to the "B. C. Fractional" placer claim through conveyance from one V. McFarland, dated June 19, 1905, on which placer ground it was the intention of the locators of the above-alleged water to use the same.

It was further alleged and claimed by the plaintiffs: That the water was to be diverted and used on the claim above mentioned to furnish power for a stamp mill and in the development of lode claims in the vicinity and adjacent to said placer mining claim.  That the following lode claims were adjacent to the "B. C. Fractional" placer claim, and would be absolutely valueless without the use of this water, namely, the Israelite, Yellow Dog, Christian Scientist, Meal Ticket, Marie L., Argus, Lillian B., Keystone, Rubicon, Astria, Gilded Age, Snow Flake.  That, in pursuance of the plan to divert the water of the said creek to the placer claim and to there use it, the plaintiffs and their predecessors in interest had purchased, for the development of the lode claims above mentioned, a Pelton wheel, an electric generator, copper wire, dynamos, air compressors, and a machine drill, and but that, for the wrong-

---

*See same topic & § NUMBER in Dec. & Am. Digs. Key No. Series & Rep'r Indexes

ful diversion of the water of said Lurvey creek by the defendant, the plaintiffs would have had the machinery above mentioned installed and in operation upon the said placer claim and there operated by the water in question.

The plaintiffs further allege that after they had diverted the water from the point of location on Lurvey creek and had conveyed the same to the "B. C. Fractional" placer mining claim, thereafter employing the said water in stripping and sluicing on one of the above-mentioned lode claims in 1905, in order to ascertain its value as a quartz mine, the said defendant wrongfully diverted the waters of Lurvey creek at a point above the diversion of the waters by these plaintiffs.

An answer to the above complaint was filed March 13, 1909, and thereafter, upon motion and leave of the court first had and obtained on September 14, 1909, an amended and supplemental answer was filed. After setting up grounds of general denials, the first affirmative allegation of the amended answer alleges that on December 7, 1905, the plaintiffs, with their grantors, V. McFarland and James Kelly, began an action in this court No. 510A on the same subject-matter, asking for the same relief. That issue was joined and the cause tried May 4, 1907, during which trial the plaintiffs moved the court to amend their complaint by alleging ownership in certain quartz claims hereinabove mentioned and their intention to use the water in question in mining and operating a mill to be used in the development and mining of said quartz claims, including the "B. C. Fractional" placer claim, which motion was denied and a decree entered on June 28, 1907, adjudging the defendant, the Alaska Perseverance Mining Company, the defendant herein, to be the owner of and entitled to the use of 4,000 miner's inches of the said waters in controversy, and to the present capacity of the flume and pipe lines and ditches as constructed, excavated, or laid and in use by the defendant. And thereafter an appeal was had from this court's decision to the Circuit Court of Appeals for the Ninth Circuit, wherein the issues were tried de novo and this court's decree sustained and affirmed, dated October 5, 1908. That thereafter the said plaintiffs took such steps as to carry the said decree

to the United States Supreme Court, and such proceedings were then pending. As a second affirmative defense the defendant set up a prior appropriation and beneficial use in itself through its immediate predecessors and grantors in interest.

To this amended answer the plaintiffs refused or failed to reply to the affirmative matter therein set up. Thereupon, after due notice in writing served upon the attorney of record for the plaintiffs, dated and filed February 1, 1910, the court entered an order of default as of the same date.

Geo. C. Israel, of Tacoma, Wash., and J. A. Hellenthal, of Juneau, for plaintiffs.

J. R. Winn, of Juneau, and R. F. Laffoon, of Tacoma, Wash., for defendant.

OVERFIELD, District Judge. The matter thus came on for hearing; the defendant offered in evidence the pleadings and files in No. 510A, including the amended complaint, amended and supplemental answer, the reply, decree, findings of fact, conclusions of law, judgment, and remittitur.

The court, having reserved decision to examine the proof, now finds that the original action No. 510A was between the plaintiffs C. M. Thorndyke, M. A. Thorndyke, there appearing as Maud Annette Greenig, V. McFarland, and James Kelly, plaintiffs, and the Alaska Perseverance Company, defendant. That the same interest in the waters of Lurvey creek was there involved and litigated, and the parties in interest in that action are identical in this, with the exception that James Kelly does not appear in the present action either as a party to the suit nor as a predecessor in interest. It further appears that the cause was tried on its merits both in this court and in the Circuit Court of Appeals for the Ninth Circuit, and an adverse decision to the plaintiffs' contentions therein found in each instance. It also further appears that the time for removal of the cause to the United States Supreme Court has long since expired, and, no extension of time having been granted, the issues are closed. It thus clearly appears that the plaintiffs being identical or privies, and the subject-matter

the same, estoppel should result by reason of the judgment, if conclusive in the cause No. 510A.

. After examining the same, I have no doubt that the plaintiffs herein are forever estopped from setting up any claims to the waters of Lurvey creek or against the defendant, except as in the opinion in the decree set out in No. 510A, in which case it is decided that the plaintiffs, their predecessors or successors in interest, had no right, title, or interest in the waters of Lurvey creek until the defendant, the Perseverance Mining Company, had diverted 4,000 miner's inches and to the then present capacity of their flume and pipe lines and ditches as constructed, excavated, or laid and in use.

. Let the decree be entered accordingly.